## James M. Chapin v. The People of the State of Illinois.

1. CONTEMPT—*When Not Committed in the Presence of the Court.*—When a contempt is committed out of the presence of the court, the court has no power to proceed summarily against the offender without the filing of a written complaint or affidavit to set the machinery of the court in motion.

2. SAME—*Authority to Hear Oral Testimony.*—Except by statute, there is no legitimate mode by which the judge of a court may be informed of the facts upon which he is to act by the oral testimony of witnesses delivered in his presence.

Memorandum.—Proceedings for contempt. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Submitted at the October term, 1894. Reversed and remanded. Opinion filed March 5, 1895.

WILLARD C. SMITH, attorney for plaintiff in error.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This is an appeal from an order of fine and imprisonment for contempt of court. The order was based upon the oral testimony of the appellant and another person, elicited by the court in a proceeding instituted by the court, without any affidavit or written complaint of any kind under oath, for the purpose of ascertaining if a contempt had been committed. Presumably, from the record, the court had some reason to believe that appellant had made an attempt at corrupt practices with reference to a jury in a cause on trial before him, and in some manner, not clearly disclosed by the record, procured the appearance before him of the appellant and the person with whom the appellant held a conversation which, so far as the appellant was concerned, had a corrupt tendency, and examined them both very fully on the subject.

That examination was reduced to writing by a stenographer, and, in the language of the order, " submitted to, and inspected by said James M. Chapin and his counsel."

Thereupon, on the same day that the witnesses were examined, the appellant was ordered to give bond in the sum of one thousand dollars to insure his personal appearance in open court six days thereafter and show cause why he should not be attached for contempt. In pursuance of such order the appellant appeared in response to the rule to show cause, and, by counsel, demanded that he should be furnished with written interrogatories, but apparently the court deemed the testimony of appellant and the other witness which had been reduced to writing, as obviating such necessity.

That was error. As said by Mr. Justice Gary in Welch v. The People, 30 Ill. App. 399;

" Except by statute, there is no legitimate mode by which the judge of a court of law or equity may be informed of facts upon which he is to act by the oral testimony of witnesses delivered in his presence."

And as said by Mr. Justice Moran in an additional opinion in the same case :

" The principles of the common law which guard the citizen against the exercise of uncontrolled judicial discretion are unquestionably wise and should be maintained."

The contempt for which the appellant was adjudged guilty was not committed in the presence of the court, nor was the offense, if an offense was committed, that of approaching corruptly, or otherwise, the jury or any officer of the court.

It consisted of conversation with an agent of the corporation whose case was on trial at the time of the conversation. That appellant's part in the conversation tended toward some corrupt practice with the jury, in favor of the corporation, seems probable, but his overtures were spurned by the agent, and the conversation amounted to no more than to disclose a readiness on the part of appellant to be employed in corruption if it were desired of him.

That the law ought to be remedied by statute is no cause for judicial legislation.

As said by Mr. Justice Moran, *supra:* " Contempt proceedings against jury fixers under the common law rule by

which the courts are now barred, are idle. A man who will bribe a juror, will, as a rule, purge his contempt by denying the fact in an affidavit, and take his chances in a trial for perjury in the Criminal Court, and will generally go unwhipped of justice." But that fact does not permit the court to make the law.

Under the authority of Welch v. The People, *supra,* the judgment must be reversed.